## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NOLAN MCKENZIE,                                )<br>                                                             )<br>                     **Plaintiff,**             )<br>          **vs.**                                    )<br>                                                             )<br>                                                             )<br>**OFFICE DEPOT STORE, and**       )<br>**OFFICE DEPOT CORPORATION,**   )<br>                                                             )<br>                     **Defendants.**          )<br>_____ ) | **Case No. 12-2373-EFM** |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff brings this action *pro se* against Defendants Office Depot Store and Office Depot Corporation (collectively "Office Depot").  He asserts claims for breach of contract, fraudulent breach of trust, and racial discrimination.  He also asserts a claim for failure to train against Office Depot, and against a supervisor who was not separately named as a defendant in this action.  Before the Court is Defendants' Motion to Dismiss, or in the Alternative, for More Definite Statement (Doc. 6).  As described more fully below, the motion to dismiss is granted.

## I.      Rule 12(b)(6) Standard

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2]  The plausibility standard does not require a showing of probability

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic v. Twombly*,[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process.  For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8]  Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9]  Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4]*Id.*

[5]*Twombly*, 550 U.S. 544 (2007).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[7]*Id.* (citing *Twombly*, 550 U.S. at 556).

[8]*Iqbal*, 556 U.S. at 678.

[9]*Id.* at 679.

[10]*Id.*

misconduct alleged."[11]

## II.    Facts Alleged in the Complaint

Because Plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]  In considering whether the Complaint states a plausible claim for relief, the court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[14]

The following facts are alleged in the Complaint and assumed to be true for purposes of deciding this motion.  Plaintiff asked an Office Depot technician to detach a four-page document, copy it, and reattach the copies.  The technician read Plaintiff's legal documents and put the copies in an incorrect order.  The technician told Plaintiff that he could make a house call to fix Plaintiff's documents—Plaintiff requested that the technician also make a house call to "correct a box of unmanageable papers"—but the technician declined.

## III.    Discussion

Defendants argue that even a broad construction of Plaintiff's Complaint fails to allege facts that plausibly give rise to a claim for relief.  The Court agrees.  To the extent Plaintiff alleges a claim for breach of contract, he must allege facts supporting the following elements

---

[11]*Id*. at 678.

[12]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[13]*Id.*

[14]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

under Kansas law: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) plaintiff suffered damage caused by the breach.[15] Plaintiff has failed to allege the existence of a contract, or Defendants' breach, or consideration. In fact, Plaintiff's factual averments are largely incomprehensible.  The facts as alleged suggest that there was no meeting of the minds between Plaintiff and the technician at Office Depot on the essential terms of a contract for a house call, or for the copy request.[16]  Finally, Plaintiff does not allege facts giving rise to damages.  He alleges no facts that support a claim for actual damages and his assertion of damages for pain and suffering are not cognizable for breach of contract under Kansas law.[17]

Plaintiff also alleges a claim for fraudulent breach of trust.  To the extent he alleges a claim of fraud, he is subject to a heightened pleading standard under Fed. R. Civ. P. 9.  Under Rule 9, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[18]  The rule's purpose is to provide the defendant fair and adequate notice of the claim and to allow the defendant to respond on an informed basis.[19]  A fraud claim requires "the time, place and contents of the false representation, the identity of the party making

---

[15]*See, e.g.*, *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).

[16]*See Navair, Inc. v. IFR Americas, Inc.*, 519 F.3d 1131, 1138–39 (10th Cir. 2008).

[17]*See Clay v. Bd. of Trustees of Neosho Cnty. Cmty. Coll.*, 905 F. Supp. 1488, 1500 (D. Kan. 1995).

[18]Fed. R. Civ. P. 9(b).

[19]*Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

the false statements and the consequences thereof."[20]  Plaintiff's factual allegations are brief and incoherent and do not place the Court or Defendants on notice of the time, place, and contents of any alleged false representation.  As such, dismissal of Plaintiff's fraud claim is appropriate.

Plaintiff alleges that Office Depot acted with discriminatory intent in reading his legal documents, putting his documents in the wrong order, and declining to pay him a house call.  He also alleges a civil rights claim for failure to properly train.  To the extent Plaintiff purports to state a claim for discrimination in interfering with the making and enforcement of a contract under 42 U.S.C. § 1981, he must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with the making, performance, modification, or termination of a contract.[21]

As described above, Plaintiff has failed to allege facts plausibly showing the existence of a contract between himself and Office Depot.  He fails to allege that he is a member of a protected class.  And Plaintiff has not alleged facts tending to show that any employee at Office Depot acted with the intent to discriminate.  Instead, the Complaint consists solely of conclusory, inflammatory allegations.  For these reasons, Plaintiff's attempt to assert a civil rights claim fails.

---

[20]*Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citing *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000)) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

[21]*Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001).

     **IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss, or in the Alternative, for More Definite Statement (Doc. 6) is **granted in part and found to be moot in part**.  The motion to dismiss is granted and the alternative motion for more definite statement is therefore moot.  This case is dismissed.

     **IT IS SO ORDERED.**

     Dated this 19th day of November, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE